IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JODIE L. TURNER,

    Plaintiff,

v.                                                            Civil Action No. 5:08CV142
                                                                                          (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Jodie L. Turner, filed an application for supplemental security income and disability insurance benefits under Titles XVI and II, respectively, of the Social Security Act, alleging disability beginning on June 30, 2005.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on October 3, 2007, before Administrative Law Judge ("ALJ") Karl Alexander. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert Eugene A. Czuczman. On January 10, 2008, the ALJ issued a decision finding that the plaintiff was not under a "disability." The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On July 20, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that (1) the opinion of the plaintiff's treating doctor should be accorded controlling weight because this doctor has treated the plaintiff for over ten years, and his medical opinion is supported by other evidence; and (2) the ALJ failed to give adequate reasons for questioning the credibility of the plaintiff's testimony. The Commissioner contends that the plaintiff's arguments lack merit, and that substantial evidence supports the Commissioner's final decision that the plaintiff was not disabled on or before June 30, 2005.

Magistrate Judge Joel issued a report and recommendation, in which he discussed the five-step sequential evaluation process that the ALJ utilized to determine whether the plaintiff was disabled and therefore entitled to disability insurance benefits.[1] The magistrate judge noted that the parties do not dispute the ALJ's findings in steps one through three. Concerning the plaintiff's

---

[1]This evaluation process consists of the following five steps: (1) determine whether the plaintiff is engaging in substantial gainful activity; (2) determine whether the plaintiff has a severe impairment; (3) determine whether the plaintiff has "listed" impairments; (4) compare residual functional capacity assessment to determine whether the plaintiff can perform past relevant work; and (5) consider residual functional capacity assessment, age, education, and work experience to determine if the plaintiff can perform any other work. Before proceeding to step four, an ALJ must undertake an assessment of the plaintiff's residual functional capacity. See 20 C.F.R. § 404.1520.

residual functional capacity, the magistrate judge found that substantial evidence supports the ALJ's residual functional capacity assessment that the plaintiff can perform light work. As to step four, again, the magistrate judge stated that the parties do not dispute the ALJ's findings. Finally, regarding step five, the magistrate judge held that substantial evidence supports the ALJ's decision that the plaintiff could perform other work. Accordingly, based upon these findings, the magistrate judge held that the plaintiff was not disabled on or before her date last insured, and that she was not entitled to a period of disability, disability insurance benefits, or supplemental security income.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that

4

the Commissioner's decision that the plaintiff was not disabled on or before her last date insured is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    September 4, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE